IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2014 JUL 16 P 3:38

| | | |
|---|---|---|
| Larry Charles Furr, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:13-1229-RMG |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, Acting, | ) | |
| Commissioner of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff brought this action *pro se* pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him disability insurance benefits under the Social Security Act.  In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling.  The Magistrate Judge issued a Report and Recommendation ("R & R") on June 27, 2014, recommending that the Commissioner's decision be affirmed.  (Dkt. No. 40).  Plaintiff was provided written notice of his right to file objections to the R & R, the deadline for filing objections and the consequences of failing to file objections.  (Dkt. No. 40 at 19).   Plaintiff filed no objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28

-1-

U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

After a review of the R & R, the administrative record, the decision of the Administrative Law Judge, and the applicable legal standards, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, the Court adopts the R & R of the Magistrate Judge and affirms the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

July 16, 2014
Charleston, South Carolina