# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Charles Furr, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:13-1229-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting, ) | |
| Commissioner of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brought this action *pro se* pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him disability insurance benefits under the Social Security Act. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on June 27, 2014, recommending that the Commissioner's decision be affirmed. (Dkt. No. 40). Plaintiff thereafter timely filed objections to the Magistrate Judge's R & R. (Dkt. No. 52).[1]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

---

[1] The Court issued an earlier order in this matter affirming the decision of the Commissioner when no objections were filed to the R & R during the fourteen day period required to file such objections. (Dkt. No. 43). Plaintiff then advised the Court he had not received a copy of the R & R. The Court confirmed that the R & R had not been mailed to Plaintiff in accord with the Court's standard procedures, and the Court withdrew that order. (Dkt. Nos. 48, 50). The Court later received and reviewed Plaintiff's objections, and this order is issued following review of these objections. (Dkt. No. 52).

determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

The Court has reviewed the voluminous objections of Plaintiff, which essentially reargue every finding of the Commissioner perceived by Plaintiff to be adverse to his disability claim and every sentence in the R & R supportive of the recommendation that the Commissioner's decision be affirmed. Plaintiff does not appear to appreciate that the weighing of the competing evidence in a Social Security Disability claim is initially the responsibility of the Administrative Law Judge and that review of the Commissioner's decision by the Court is subject to a substantial

evidence standard and to a determination that the proper legal standards were applied by the Commissioner. After a review of the R & R, the administrative record, the decision of the Administrative Law Judge, and the applicable legal standards, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter, properly found that substantial evidence in the record supported the decision of the Commissioner and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, the Court adopts the R & R of the Magistrate Judge as the order of this Court and affirms the decision of the Commissioner.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

August 22, 2014
Charleston, South Carolina